UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cr-00550-KKM-TGW

SINDI YAMILETH MEJIA AVILA

### **PROTECTIVE ORDER**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court hereby enters the following Protective Order:

1. In order to produce discovery to the defendant while at the same time avoiding the unauthorized dissemination of the victim's personally identifying information ("PII"), the parties have asked the Court to enter this Protective Order.

2. This Protective Order applies to all discovery materials containing the victim's PII. Discovery materials include any written documentation, electronic data, video or audio recordings, or any other materials provided by the United States to the Defense Team (as defined below) in connection with this case, including any copies that might be made of such materials. The government contends that the charged offenses in this case involved the use of the victim's personally identifying information ("PII"). Many items, including the most relevant discovery materials include the victim's PII. PII redactions were not made on all documents so the defendant and her counsel can fully review these documents. PII is sensitive and should be safe guarded.

3. This Order may subsequently be modified in writing as agreed upon by the parties or as the Court may so order. The provisions of this Order shall not terminate at the conclusion of this matter and shall continue to safeguard PII indefinitely.

4. The only persons who may view discovery materials containing PII are William Sansone, counsel for the defendant, the defendant, any attorneys or employees at Mr. Sansone's office assigned to work on this matter, and any other defense paralegals, assistants, investigators, employees, experts, translators, or third-party contractors hired by defendant's counsel to assist with this case (herein after referred to as the "Defense Team"). "Defense Team" includes any subsequent counsel of record, should current counsel of record be relieved from this matter or should other or additional counsel be added to the Court's docket.

5. For the purposes of this Protective Order, the term PII includes an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual, and any other information required to be redacted by Federal Rule of Criminal Procedure 49.1(a).

6. The Defense Team shall use discovery materials containing PII only for the preparation and litigation of this matter, and for no other purpose. PII may never be used for personal gain or for the personal gain of others. PII may never be shared, copied, orally communicated, or otherwise produced by any member of the Defense Team to any persons not covered under this Protective Order. Litigation of this matter

includes all pretrial, trial, and post-trial proceedings in this Court, any appeals, and any motion filed by the defendant under 28 U.S.C. § 2255 (including any appeals of the disposition of such a motion).

7. Upon the final disposition of this case, any materials designated subject to the Protective Order shall not be used, in any way, in any other matter, absent a court order. All discovery shall remain subject to this Protective Order unless and until this Order is modified by the Court.

8. Upon the conclusion of any appellate or post-conviction proceedings, and upon the consent of the defendant, the Defense Team shall either (1) return all discovery to the United States Attorney's Office for the Middle District of Florida, or (2) destroy all discovery and certify to the United States Attorney's Office that it has been destroyed.

9. The Defense Team shall not transfer, disseminate, or send any discovery outside of the United States without defendant's counsel of record (1) providing the United States with ten days' written advance notice of the Defense Team's intention to send any discovery outside the United States, and (2) obtaining a written order from the Court, upon submission of a motion, that specifically authorizes the Defense Team to transfer, disseminate, or send discovery outside the United States.

10. Any discovery materials containing PII that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before this

Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. Any publicly filed or disseminated document containing PII must be redacted in accordance with Federal Rule of Criminal Procedure 49.1(a). For any minor or person alleged to have been a victim while still a minor, the parties shall also redact or otherwise not publicly file or disseminate that person's name, location, likeness, social-media accounts, relationship with an identified person, or any other information that could be used to identify that individual. *See* 18 U.S.C. § 3509(d) and 403.

11. The Defense Team shall maintain all discovery materials containing PII in a manner consistent with the terms of this Protective Order. Discovery produced to the Defense Team, regardless of form, shall be stored by the Defense Team, within Mr. Sansone's office, in a secure manner, including but not limited to, in a secured location. Notwithstanding any other provision of this Protective Order, no discovery materials containing PII may be left with or given to the defendant outside the presence and supervision of another member of the Defense Team.

12. All Defense Team members must individually certified that they have read, understand, and agree to the terms of this Protective Order and have manifested their assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this proposed Protective Order. Such individuals must agree in writing to be bound by the terms of this Protective Order before receiving any discovery in this case. Mr. Sansone will keep a list of all individuals who have agreed in writing to be

bound by the terms of this Protective Order, and this list may be disclosed upon order of the Court in the event that the Court is asked to determine whether a possible breach of the terms of the Protective Order has occurred.

13. A copy of this Protective Order shall be kept with all discovery materials at all times.

DONE and ORDERED in Tampa, Florida on this 20th day of March, 2025

HON. THOMAS G. WILSON
United Stated Magistrate Judge